IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TRAVIS LASETER, #310 968, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 2:20-CV-550-ECM ) [WO] |
| VENTRESS CORRECTIONAL FACILITY, *et al.*, | ) ) ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Travis Laseter, an indigent inmate confined at the Ventress Correctional Facility in Clayton, Alabama. Plaintiff brings suit against the State of Alabama, the Ventress Correctional Facility, Warden Gordy, Lieutenant Lassiter, Captain Harris, and Captain Emberton, alleging a failure by Defendants to protect him from inmate violence and extortion, for which he seeks damages and the imposition of criminal charges against his inmate attackers. Upon review, the court concludes Plaintiff's complaint against the State of Alabama and the Ventress Correctional Facility is due to be dismissed prior to service of process in accordance with 28 U.S.C. § 1915A.[1]

---

[1] The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against government officers or employees as early as possible in the litigation. The court must dismiss the complaint or any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or which states no claim upon which relief can be granted. 28 U.S.C. §1915A(b)(1) & (2).

## I. DISCUSSION

Plaintiff names the Alabama Department of Corrections and the Ventress Correctional Facility as defendants. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Papasan v. Allain*, 478 U.S. 265 (1986) (holding that unless the State of Alabama consents to suit or Congress rescinds its immunity, a plaintiff cannot proceed against the State or its agencies as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable.").

> "[T]he Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies [or employees]." *Alabama v. Pugh*, 438 U.S. 781, 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). There are two exceptions to this prohibition: where the state has waived its immunity or where Congress has abrogated that immunity. *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 131 S.Ct. 1632, 1637–38, 179 L.Ed.2d 675 (2011). "A State's consent to suit must be 'unequivocally expressed' in the text of [a] relevant statute." *Sossamon v. Texas*, 563 U.S. 277, 131 S.Ct. 1651, 1658, 179 L.Ed.2d 700 (2011) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)). "Waiver may not be implied." *Id*. Likewise, "Congress' intent to abrogate the States' immunity from suit must be obvious from 'a clear legislative statement.'" *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) (quoting *Blatchford v. Native Vill. of Noatak*, 501 U.S. 775, 786, 111 S.Ct. 2578, 115 L.Ed.2d 686 (1991)).

*Selensky v. Alabama*, 619 F. App'x 846, 848–49 (11th Cir. 2015). Thus, neither the State of Alabama nor its agencies may be sued unless the State has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984), or Congress has abrogated the State's immunity, *see Seminole Tribe v. Florida*, 517 U.S. 44, 59 (1996).

> Neither waiver nor abrogation applies here. The Alabama Constitution states that "the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. art. I, § 14. The Supreme Court has recognized that this prohibits Alabama from waiving its immunity from suit. *Pugh,* 438 U.S. at 782, 98 S.Ct. 3057 (citing Ala. Const. art. I, § 14.)

*Selensky*, 619 F. App'x at 849.  "Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abated it."  *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (citing *Carr v. City of Florence*, Ala., 916 F.2d 1521, 1525 (11th Cir. 1990)).  Consequently, any claims lodged against the State of Alabama or its agencies are frivolous and are, therefore, due to be dismissed with prejudice under 28 U.S.C. § 1915A(b)(1).

## II.  CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that:

1. Plaintiff's complaint against the State of Alabama and the Ventress Correctional Facility be DISMISSED with prejudice under 28 U.S.C. § 1915A(b)(1);

2.  The State of Alabama and the Ventress Correctional Facility be TERMINATED as parties; and

3.  This case be referred to the undersigned for additional proceedings.

**On or before October 15, 2020,** Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive, or general objections will not be considered by the court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the Magistrate Judge's findings and recommendations as required by the provisions of 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation.  The failure to file a written objection will also waive the right of Plaintiff to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District

Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

Done, on this the 30th day of September, 2020.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge